# CASES

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1877.

## THE VILLAGE OF SOUTH EVANSTON

v.

## JAMES LYNCH.

INSTRUCTION. TO JURY.—The following instruction, even if it stated a correct principle of law, upon which no opinion is expressed, was held erroneous, there being no evidence upon which to predicate it: "The court instructs the jury, that if they believe, from the evidence, that the village of South Evanston, by its agent or agents, procured the defendant to violate the ordinance in question in the manner complained of, then the law is for the defendant, and the plaintiff cannot recover in this action."

APPEAL from the Criminal Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. E. B. PAYNE, for appellant; upon the question of error in the instruction, and that the village could not so act by its agent, cited City of Chicago v. Scholten, 75 Ill. 468; Town of Odell v. Schroeder, 58 Ill. 353; Gillett v. Logan County, 67 Ill. 256; Scammon v. City of Chicago, 44 Ill. 269; Caldwell v. City of Alton, 33 Ill. 416; Perry v. Kinnear, 42 Ill. 160; Betts v. Town of Menard, Breese, 395; People v. Tazewell County, 22 Ill. 147; Petersburg v. Mappin, 14 Ill. 193; City of Jacksonville v. McConnel, 12 Ill. 138; City of Alton

v. Mulledy, 21 Ill. 76; Doyle v. Wiley, 15 Ill. 576; Jackson v. Cummings, 15 Ill. 449; Fisher v. The People, 23 Ill. 283; Town of St. Charles v. O'Mailey, 18 Ill. 407.

Mr. CHESTER KINNEY, for appellee; that the instruction was correct, cited Allen v. Smith, 3 Scam. 97; Ellis v. Locke, 2 Gilm. 459; Evans v. Fisher, 5 Gilm. 572; Mann v Russell, 11 Ill. 586; Bloom v. Crane, 24 Ill. 48.

That the court will not disturb the finding of a jury, French v. Lowry, 19 Ill. 158; Bush v. Kindred, 20 Ill. 93; Carpenter v. Ambroson, 20 Ill. 170; Cross v. Carey, 25 Ill. 562; Morgan v. Reyerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 189; Pulliam v. Ogle, 27 Ill. 189; Millikin v. Taylor, 53 Ill. 509; City of Chicago v. Garrison, 52 Ill. 516; Gallup v. Smith, 24 Ill. 586; De Forest v. Oder, 42 Ill. 500; Am. Ex. Co. v. Bruce, 50 Ill. 201; Hart v. Wing, 44 Ill. 141.

That a corporation may so act by its officers, City of Galena v. Corwith, 48 Ill. 423; Racine & Miss. R. R. Co. v. Farmers Loan & T. Co., 49 Ill. 331; City of Alton v. Mulledy, 21 Ill. 76; Ryan v. Dunlap, 17 Ill. 40; Maher v. City of Chicago, 38 Ill. 266; Bradley v. Ballard, 55 Ill. 413; Chicago Building Society v. Crowell, 65 Ill. 453.

Upon instructions asked by appellant, Adams v. Smith, 58 Ill. 417; T. P. & W. R'y Co. v. Patterson, 63 Ill. 304; Chapman v. Stewart, 63 Ill. 332; Cusick v. Campbell, 68 Ill. 508.

MURPHY, J. This was an action of debt, commenced originally before a justice of the peace, to recover a penalty for violating section 4 of article 1 of an ordinance of said appellant, entitled, "An ordinance concerning misdemeanors."

The trial before the justice resulted in a judgment against the defendant for $100 and costs, from which an appeal was taken by the defendant to the Criminal Court of Cook county. At the September term of that court, 1877, the case was again tried by the court and a jury, which resulted in a verdict for the defendant.

To reverse the judgment the appellant brings the record to this court, and assigns as error the giving of the following

instruction by the court on behalf of the defendant, to wit : "The court instructs the jury, that if they believe, from the evidence, that the village of South Evanston, by its agent or agents, procured the defendant to violate the ordinance in question in the manner complained of, then the law is for the defendant, and the plaintiff cannot recover in this action."

We have carefully examined the record in this case, and find no evidence tending to show that the appellant, by its agents or otherwise, had procured or attempted to procure the violation of said ordinance by said defendant.

We think there is no evidence in the case on which to predicate such an instruction, even though we considered it an annunciation of a correct principle of law, in respect to which we forbear the expression of any opinion. Upon the facts, as shown by the record, it is believed to be error on the part of the court below to give the instruction, which, to say the least, was calculated to mislead the jury; for which the judgment is reversed and the cause remanded.

Judgment reversed and cause remanded.